Filed 3/17/26  P. v. VelascoHernandez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EUGENIO VELASCOHERNANDEZ,<br><br>    Defendant and Appellant. | G065009<br><br>(Super. Ct. No. 24HF1464)<br><br>O P I N I O N |

　　　　Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge. Affirmed.

　　　　John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General,

Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Appellant.

*     *     *

Defendant Eugenio VelascoHernandez appeals from the trial court's order requiring that he register as a sex offender for the rest of his life, as a result of his conviction for violating Penal Code section 288.3, subdivision (a) (section 288.3(a)).[1] We conclude lifetime registration was required under the plain language of section 290, subdivision (d)(3)(C)(xi) (section 290(d)(3)(C)(xi)), and the trial court did not err. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2024, defendant communicated by messages on social media and text with a police officer. Defendant believed the officer was a 13-year-old boy. In these communications, defendant expressed an intent to engage in lewd conduct with the "boy." Defendant was arrested at a park where he had arranged to meet the "boy."

A jury convicted defendant of contacting a minor with the intent to commit a crime. (§ 288.3(a).)[2] The trial court suspended imposition of sentence, placed defendant on two years' supervised probation, and ordered defendant to register for life as a sex offender. (§ 290(d)(3)(C)(xi).) Defendant filed a timely notice of appeal.

---

[1] All further statutory references are to the Penal Code.

[2] The jury found defendant not guilty of meeting a minor with the intent to engage in lewd conduct (§ 288.4, subd. (b)), and the lesser included offense of arranging a meeting with a minor for lewd purposes (*id.*, subd. (a)(1)).

DISCUSSION

Defendant raises a single issue on appeal: Whether the trial court erred by ordering lifetime registration as a sex offender. This court reviews the trial court's order that a defendant register as a sex offender under section 290(d)(3)(C)(xi) for abuse of discretion. (*People v. Smyth* (2024) 99 Cal.App.5th 22, 27; *People v. Thai* (2023) 90 Cal.App.5th 427, 433.) To the extent we interpret section 290 or other statutes as part of our analysis, our review is de novo. (*People v. Smyth,* at p. 27.)

Under section 290(d)(3)(C)(xi), lifetime registration as a sex offender is required if a defendant is convicted of violating section 288.3(a), "unless committed with the intent to commit a violation of subdivision (b) of Section 286, subdivision (b) of Section 287 or former Section 288a, or subdivision (h) or (i) of Section 289." (§ 290(d)(3)(C)(xi).)

In this case, defendant was convicted of violating section 288.3(a), with the intent to commit a violation of section 288.[3] This crime is not included as an exemption from registration under section 290(d)(3)(C)(xi),

---

[3] The jury was instructed with CALCRIM Nos. 1124 and 1110. CALCRIM No. 1124 instructed the jury that the People were required to prove defendant attempted to contact or communicate with a person the defendant believed was a minor; and that when he did so, he intended to commit a violation of section 288, subdivision (a). CALCRIM No. 1110 instructed the jury that to prove defendant intended to commit a violation of section 288, subdivision (a), the People must prove defendant intended willfully to touch "any part of a child's body either on the bare skin or through the clothing," or to "cause[ ] a child to touch his own body, the defendant's body, or the body of someone else, either on the bare skin or through the clothing," and defendant intended to commit the act "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child"; and the child in question was under 14 years of age. Defendant does not argue there was insufficient evidence of each element of the crime of which he was convicted.

and under the plain language of section 290, the exemption from lifetime registration does not apply to defendant. The trial court therefore did not abuse its discretion in requiring lifetime registration as a sex offender for defendant.

Defendant argues the lifetime registration order must be vacated because the trial court failed to make findings that defendant "had the intent to commit one of the [crimes] that would have exempted him from the lifetime registration requirement." As explained *ante*, defendant was convicted of violating section 288.3(a) with the intent to violate section 288. Nothing in section 290(d)(3)(C)(xi) or the relevant case law requires the People to prove or the trial court to find that defendant *did not* have the intent to violate a different statute.

Defendant also argues the conduct described in the sections of the Penal Code that exempt a defendant from registration under section 290(d)(3)(C)(xi), similarly violates section 288, subdivision (a). This is not accurate. Section 288, subdivision (a), includes as an element that the act be committed with the intent to arouse, etc., and also includes a requirement that the victim be under 14 years of age. Neither of these is an element of a violation of section 286, subdivision (b), section 287, subdivision (b), former section 288a, subdivision (b), or section 289, subdivision (h) or (i).

4

DISPOSITION

The judgment is affirmed.


BANCROFT, J.*

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.